# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-341V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| ADRIAN CHANDERDAT, | * |
| Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

```
*   *   *   *   *   *   *   *   *   *   *   *   *
*
*
*
*                Filed: May 25, 2016
*
*
*
*                Decision by Proffer; Damages;
*                Disseminated Varicella Zoster Infection;
*                Interstitial Pneumonitis; Postinflammatory
*                Pulmonary Fibrosis; Respiratory
*                Failure; Polyneuropathy;
*                Varicella Vaccination.
*
```

* * * * * * * * * * * * * * * * * * * * * * * * *

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.

*Ann Donohue Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 2, 2015, Adrian Chanderdat filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that he suffered from a "disseminated varicella zoster infection with interstitial pneumonitis and postinflammatory pulmonary fibrosis resulting in respiratory failure and a lower extremity poly-neuropathy" as a result of receiving the varicella vaccination on July 25, 2012.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Thereafter, on August 24, 2015, Respondent filed her Rule 4(c) report indicating that after reviewing the facts of this case, as reflected in the petition and accompany documents, as well as the relevant medical literature regarding disseminated varicella infection, the medical personnel of the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services concluded that a preponderance of evidence establishes that the injuries Petitioner claims in the petition were caused-in-fact by the administration of his July 25, 2012, varicella vaccine, and that these injuries are not due to factors unrelated to the administration of the vaccine. ECF No. 12. Respondent also concluded that the statutory six month sequela requirement has been satisfied. *Id.* Accordingly, Respondent indicated Petitioner's disseminated varicella infection and its sequela are compensable as a "caused-in-fact" injury under the terms of the Act. *Id.* I subsequently issued an entitlement decision on September 1, 2015. ECF No. 13.

On May 24, 2016, Respondent filed a proffer proposing an award of compensation. ECF No. 24. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $1,402,899.84, in the form of a check payable to Petitioner; and

- An amount sufficient to purchase the annuity contract described in Section II.B. of the proffer.

Proffer at III. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

|  |  |  |
|---|---|---|
| ADRIAN CHANDERDAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 15-341V |
| v. | ) | Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.     Items of Compensation

#### A.     Life Care Items

The parties jointly engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, to

provide an estimation of petitioner's future vaccine-injury related needs.  See Respondent's

Exhibit A.  For the purposes of this proffer, the term "vaccine related" is as described in the

respondent's Rule 4(c) Report, filed August 24, 2015.  All items of compensation identified in

the joint life care plan are supported by the evidence, and are illustrated by the chart entitled

Appendix A: Items of Compensation for Adrian Chanderdat, attached hereto as Tab A.[1]

Respondent proffers that Adrian Chanderdat should be awarded all items of compensation set

forth in the joint life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1]  The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, petitioner will suffer a loss of earnings in the future.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Adrian Chanderdat's lost earnings is $1,034,222.23. Petitioner agrees.

C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,928.67.  Petitioner agrees.

E.      Medicaid Lien

 Petitioner represents that there are no Medicaid liens outstanding against him.

## II.      **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $1,402,899.84, representing compensation for life care expenses expected to be incurred during the first year after judgment ($111,748.94), lost earnings

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

($1,034,222.23), pain and suffering ($250,000.00), and past unreimbursable expenses

($6,928.67), in the form of a check payable to petitioner, Adrian Chanderdat.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions

described below, that will provide payments for the life care items contained in the joint life care

plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4]

from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

respondent's purchase of an annuity, which annuity shall make payments directly to petitioner,

Adrian Chanderdat, only so long as he is alive at the time a particular payment is due.  At the

Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly,

quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.      Growth Rate

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Adrian Chanderdat, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Adrian Chanderdat's death.

3.      Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.    Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to petitioner, Adrian Chanderdat:            **$1,402,899.84**

B.      An amount sufficient to purchase the annuity contract described
        above in section II.B.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

-4-

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ Ann D. Martin
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

DATED:  May 24, 2016

# TAB A

Appendix A:  Items of Compensation for Adrian Chanderdat                Page 1 of 9

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Years 5-7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Years 12-14 | Compensation Year 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2019 | 2020-2022 | 2023 | 2024-2025 | 2026 | 2027-2029 | 2030 |
| CIGNA | 5% | | M | 9,550.44 | 9,550.44 | | | | | | |
| Medicare Part A Deductible | 5% | | | 1,288.00 | 1,288.00 | | | | | | |
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 | | | | | | |
| Medicare Part B Deductible | 5% | * | | 166.00 | 166.00 | | | | | | |
| Medicare Supp C | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | 7,797.20 | 7,797.20 | | | | | | |
| BCBS Premium | 5% | | M | | | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 |
| BCBS MOP | 5% | | | | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Primary Care | 5% | * | | | | | | | | | |
| Kidney Transplant Center | 5% | * | | | | | | | | | |
| Nephrologist | 5% | * | | | | | | | | | |
| Vascular Surgery | 5% | * | | | | | | | | | |
| ENT | 5% | * | | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | | |
| EMG | 5% | * | | | | | | | | | |
| MRI | 5% | * | | | | | | | | | |
| CT Scan | 5% | * | | | | | | | | | |
| Lab Testing | 5% | * | | | | | | | | | |
| Renal Function Test | 5% | * | | | | | | | | | |
| Pre-op Testing for Transplant | 5% | * | | | | | | | | | |
| Post Transplant Testing | 5% | * | | | | | | | | | |
| Gabapentin | 5% | * | | | | | | | | | |
| Trileptal | 5% | * | | | | | | | | | |
| Sensipar | 5% | * | | | | | | | | | |
| Relistor | 5% | * | | | | | | | | | |
| Oxycodone ER | 5% | * | | | | | | | | | |
| Renvela | 5% | * | | | | | | | | | |
| Sucralfate | 5% | * | | | | | | | | | |
| Prevacid | 5% | * | | | | | | | | | |
| Oxycodone | 5% | * | | | | | | | | | |

**Appendix A:  Items of Compensation for Adrian Chanderdat**                    Page 2 of 9

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Years 5-7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Years 12-14 | Compensation Year 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2019 | 2020-2022 | 2023 | 2024-2025 | 2026 | 2027-2029 | 2030 |
| Ammonia Lactate | 3% | | | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 |
| Reglan | 5% | * | | | | | | | | | |
| Domperidon | 3% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lasix | 5% | * | | | | | | | | | |
| PT Eval | 3% | * | | | | | | | | | |
| PT | 3% | * | | 540.00 | | | | | | | |
| OT Eval | 3% | * | | | | | | | | | |
| OT | 3% | * | | | | | | | | | |
| Psych Counseling | 3% | * | | | | | | | | | |
| Trach Cleaning Supplies | 3% | * | | | | | | | | | |
| Trach Mask/Collar | 3% | * | | | | | | | | | |
| Sterile Water | 3% | * | | | | | | | | | |
| Corrugated Tubing | 3% | * | | | | | | | | | |
| Humidifcation/ O2 | 3% | * | | | | | | | | | |
| Lift Chair | 3% | * | | 369.00 | | | 619.00 | | | | 619.00 |
| Hand Held Shower | 3% | | | 34.54 | | | 34.54 | | | | 34.54 |
| Elevated Toilet Seat | 3% | | | 151.08 | | | 151.08 | | | | 151.08 |
| Shower Chair | 3% | | | 86.98 | | | 86.98 | | | | 86.98 |
| Walker | 3% | | | 189.00 | | | 189.00 | | | | 189.00 |
| Manual WC | 3% | | | 369.28 | | | 369.28 | | | | 369.28 |
| Reacher | 3% | | | 25.16 | | | 25.16 | | | | 25.16 |
| Urinal | 3% | | | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 |
| Electric Scooter | 3% | | | | | | | | | | |
| Scooter Batteries | 3% | | | | | | | | | | |
| Scooter Maint | 3% | | | | | | | | | | |
| Scooter Lift | 3% | | | | | | | | | | |
| Renal Transplant Surgery | 5% | * | | | | | | | | | |
| Revisions to A-V Fistula | 5% | * | | | | | | | | | |
| Trach Surgery | 5% | * | | | | | | | | | |
| Home Health Care | 3% | | M | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 |
| Ramping | 0% | | | 5,000.00 | | | | | | | |

**Appendix A:  Items of Compensation for Adrian Chanderdat**                    Page 3 of 9

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-4 | Compensation Years 5-7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Years 12-14 | Compensation Year 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2019 | 2020-2022 | 2023 | 2024-2025 | 2026 | 2027-2029 | 2030 |
| Stair Lift | 3% | | | 4,250.00 | | | | | 4,250.00 | | |
| Lift Batteries | 3% | | | 80.00 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 |
| Lost Future Earnings | | | | 1,034,222.23 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 6,928.67 | | | | | | | |
| Annual Totals | | | | 1,402,899.84 | 100,680.57 | 88,115.29 | 89,590.33 | 88,115.29 | 92,365.29 | 88,115.29 | 89,590.33 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($111,748.94), lost earnings ($1,034,222.23), pain and suffering ($250,000.00), and past unreimbursable expenses ($6,928.67): $1,402,899.84.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 16-20 2031-2035 | Compensation Year 21 2036 | Compensation Year 22 2037 | Compensation Years 23-27 2038-2042 | Compensation Year 28 2043 | Compensation Year 29 2044 | Compensation Years 30-35 2045-2050 | Compensation Year 36 2051 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CIGNA | 5% | | M | | | | | | | | |
| Medicare Part A Deductible | 5% | | | | | | | | | | |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medicare Supp C | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| BCBS Premium | 5% | | M | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 | 5,495.16 |
| BCBS MOP | 5% | | | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Primary Care | 5% | * | | | | | | | | | |
| Kidney Transplant Center | 5% | * | | | | | | | | | |
| Nephrologist | 5% | * | | | | | | | | | |
| Vascular Surgery | 5% | * | | | | | | | | | |
| ENT | 5% | * | | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | | |
| EMG | 5% | * | | | | | | | | | |
| MRI | 5% | * | | | | | | | | | |
| CT Scan | 5% | * | | | | | | | | | |
| Lab Testing | 5% | * | | | | | | | | | |
| Renal Function Test | 5% | * | | | | | | | | | |
| Pre-op Testing for Transplant | 5% | * | | | | | | | | | |
| Post Transplant Testing | 5% | * | | | | | | | | | |
| Gabapentin | 5% | * | | | | | | | | | |
| Trileptal | 5% | * | | | | | | | | | |
| Sensipar | 5% | * | | | | | | | | | |
| Relistor | 5% | * | | | | | | | | | |
| Oxycodone ER | 5% | * | | | | | | | | | |
| Renvela | 5% | * | | | | | | | | | |
| Sucralfate | 5% | * | | | | | | | | | |
| Prevacid | 5% | * | | | | | | | | | |
| Oxycodone | 5% | * | | | | | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 16-20 2031-2035 | Compensation Year 21 2036 | Compensation Year 22 2037 | Compensation Years 23-27 2038-2042 | Compensation Year 28 2043 | Compensation Year 29 2044 | Compensation Years 30-35 2045-2050 | Compensation Year 36 2051 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ammonia Lactate | 3% | | | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 | 71.58 |
| Reglan | 5% | * | | | | | | | | | |
| Domperidon | 3% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Lasix | 5% | * | | | | | | | | | |
| PT Eval | 3% | * | | | | | | | | | |
| PT | 3% | * | | | | | | | | | |
| OT Eval | 3% | * | | | | | | | | | |
| OT | 3% | * | | | | | | | | | |
| Psych Counseling | 3% | * | | | | | | | | | |
| Trach Cleaning Supplies | 3% | * | | | | | | | | | |
| Trach Mask/Collar | 3% | * | | | | | | | | | |
| Sterile Water | 3% | * | | | | | | | | | |
| Corrugated Tubing | 3% | * | | | | | | | | | |
| Humidifcation/ O2 | 3% | * | | | | | | | | | |
| Lift Chair | 3% | * | | | | 619.00 | | | 619.00 | | 619.00 |
| Hand Held Shower | 3% | | | | | 34.54 | 4.93 | 4.93 | 4.93 | 4.93 | 4.93 |
| Elevated Toilet Seat | 3% | | | | | 151.08 | 21.58 | 21.58 | 21.58 | 21.58 | 21.58 |
| Shower Chair | 3% | | | | | 86.98 | 12.43 | 12.43 | 12.43 | 12.43 | 12.43 |
| Walker | 3% | | | | | 189.00 | 27.00 | 27.00 | 27.00 | 27.00 | 27.00 |
| Manual WC | 3% | | | | | 369.28 | 52.75 | 52.75 | 52.75 | 52.75 | 52.75 |
| Reacher | 3% | | | | | 25.16 | 3.59 | 3.59 | 3.59 | 3.59 | 3.59 |
| Urinal | 3% | | | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 | 71.88 |
| Electric Scooter | 3% | | | | | | | 1,829.00 | 261.29 | 261.29 | 261.29 |
| Scooter Batteries | 3% | | | | | | | 174.86 | 87.43 | 87.43 | 87.43 |
| Scooter Maint | 3% | | | | | | | 156.77 | 156.77 | 156.77 | 156.77 |
| Scooter Lift | 3% | | | | | | | 1,360.00 | 136.00 | 136.00 | 136.00 |
| Renal Transplant Surgery | 5% | * | | | | | | | | | |
| Revisions to A-V Fistula | 5% | * | | | | | | | | | |
| Trach Surgery | 5% | * | | | | | | | | | |
| Home Health Care | 3% | | M | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 | 80,300.00 |
| Ramping | 0% | | | | | | | | | | |

**Appendix A:  Items of Compensation for Adrian Chanderdat**                                       Page 6 of 9

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 16-20 2031-2035 | Compensation Year 21 2036 | Compensation Year 22 2037 | Compensation Years 23-27 2038-2042 | Compensation Year 28 2043 | Compensation Year 29 2044 | Compensation Years 30-35 2045-2050 | Compensation Year 36 2051 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Stair Lift | 3% | | | | 4,250.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 | 425.00 |
| Lift Batteries | 3% | | | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 | 26.67 |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Annual Totals | | | | 88,115.29 | 92,365.29 | 90,015.33 | 88,662.57 | 92,183.20 | 89,923.06 | 89,304.06 | 89,923.06 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($111,748.94), lost earnings ($1,034,222.23), pain and suffering ($250,000.00), and past unreimbursable expenses ($6,928.67): $1,402,899.84.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 37-42 2052-2057 | Compensation Year 43 2058 | Compensation Years 44-Life 2059-Life |
|---|---|---|---|---|---|---|
| CIGNA | 5% | | M | | | |
| Medicare Part A Deductible | 5% | | | | | |
| Medicare Part B Premium | 5% | | M | | | |
| Medicare Part B Deductible | 5% | * | | | | |
| Medicare Supp C | 5% | | M | | 2,268.00 | 2,268.00 |
| Medicare Part D | 5% | | M | | 7,797.20 | 7,797.20 |
| BCBS Premium | 5% | | M | 5,495.16 | | |
| BCBS MOP | 5% | | | 2,000.00 | | |
| Primary Care | 5% | * | | | | |
| Kidney Transplant Center | 5% | * | | | | |
| Nephrologist | 5% | * | | | | |
| Vascular Surgery | 5% | * | | | | |
| ENT | 5% | * | | | | |
| Neurologist | 5% | * | | | | |
| Pain Mngt | 5% | * | | | | |
| EMG | 5% | * | | | | |
| MRI | 5% | * | | | | |
| CT Scan | 5% | * | | | | |
| Lab Testing | 5% | * | | | | |
| Renal Function Test | 5% | * | | | | |
| Pre-op Testing for Transplant | 5% | * | | | | |
| Post Transplant Testing | 5% | * | | | | |
| Gabapentin | 5% | * | | | | |
| Trileptal | 5% | * | | | | |
| Sensipar | 5% | * | | | | |
| Relistor | 5% | * | | | | |
| Oxycodone ER | 5% | * | | | | |
| Renvela | 5% | * | | | | |
| Sucralfate | 5% | * | | | | |
| Prevacid | 5% | * | | | | |
| Oxycodone | 5% | * | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 37-42 2052-2057 | Compensation Year 43 2058 | Compensation Years 44-Life 2059-Life |
|---|---|---|---|---|---|---|
| Ammonia Lactate | 3% | | | 71.58 | 71.58 | 71.58 |
| Reglan | 5% | * | | | | |
| Domperidon | 3% | | | 150.00 | 150.00 | 150.00 |
| Lasix | 5% | * | | | | |
| PT Eval | 3% | * | | | | |
| PT | 3% | * | | | | |
| OT Eval | 3% | * | | | | |
| OT | 3% | * | | | | |
| Psych Counseling | 3% | * | | | | |
| Trach Cleaning Supplies | 3% | * | | | | |
| Trach Mask/Collar | 3% | * | | | | |
| Sterile Water | 3% | * | | | | |
| Corrugated Tubing | 3% | * | | | | |
| Humidifcation/ O2 | 3% | * | | | | |
| Lift Chair | 3% | * | | | 369.00 | 52.71 |
| Hand Held Shower | 3% | | | 4.93 | 4.93 | 4.93 |
| Elevated Toilet Seat | 3% | | | 21.58 | 21.58 | 21.58 |
| Shower Chair | 3% | | | 12.43 | 12.43 | 12.43 |
| Walker | 3% | | | 27.00 | 27.00 | 27.00 |
| Manual WC | 3% | | | 52.75 | 52.75 | 52.75 |
| Reacher | 3% | | | 3.59 | 3.59 | 3.59 |
| Urinal | 3% | | | 71.88 | 71.88 | 71.88 |
| Electric Scooter | 3% | | | 261.29 | 261.29 | 261.29 |
| Scooter Batteries | 3% | | | 87.43 | 87.43 | 87.43 |
| Scooter Maint | 3% | | | 156.77 | 156.77 | 156.77 |
| Scooter Lift | 3% | | | 136.00 | 136.00 | 136.00 |
| Renal Transplant Surgery | 5% | * | | | | |
| Revisions to A-V Fistula | 5% | * | | | | |
| Trach Surgery | 5% | * | | | | |
| Home Health Care | 3% | | M | 80,300.00 | 80,300.00 | 80,300.00 |
| Ramping | 0% | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Years 37-42 | Compensation Year 43 | Compensation Years 44-Life |
|---|---|---|---|---|---|---|
| | | | | 2052-2057 | 2058 | 2059-Life |
| Stair Lift | 3% | | | 425.00 | 425.00 | 425.00 |
| Lift Batteries | 3% | | | 26.67 | 26.67 | 26.67 |
| Lost Future Earnings | | | | | | |
| Pain and Suffering | | | | | | |
| Past Unreimbursable Expenses | | | | | | |
| Annual Totals | | | | 89,304.06 | 92,243.10 | 91,926.81 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($111,748.94), lost earnings ($1,034,222.23), pain and suffering ($250,000.00), and past unreimbursable expenses ($6,928.67): $1,402,899.84.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.